UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DELMAR D. HARRELL, | ) |
|       Plaintiff, | ) Case No: |
| v. | ) Judge |
| EQUIFAX INFORMATION SERVICES LLC, and TRANS UNION LLC, | ) |
|       Defendants. | ) |

## VERIFIED COMPLAINT

Delmar D. Harrell ("Plaintiff") brings this action on behalf of himself against defendants Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union"), (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a

1

manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Indiana and this judicial district.

## PARTIES

6. Plaintiff, Delmar D. Harrell, is a natural person who resides in Lake County, Indiana.

7. Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Its registered agent, Corporation Service Company, is located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

8. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

9. Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent, The Prentice-Hall Corporation System Inc. is located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

10. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. Defendants regularly conduct business in Indiana.

## FACTS

12. In late 2019 Plaintiff was in the process of seeking home mortgage financing and accessed his Equifax and Trans Union credit reports to discover his Equifax and Trans Union credit reports contained inaccurate and derogatory information concerning a Great Lakes Educational Loan Services, Inc. ("GLELS") school loan tradeline, account 294107234779*. Plaintiff's GLELS tradeline in his Equifax and Trans Union credit reports were reporting that he was 120 days past due on a $0 balance. The GLELS account was also transferred or sold.

13. GLELS did not originate the federal school loan.

14. GLELS acted as the loan servicer for the student loan on behalf of the U.S. Department of Education, or other loan originator.

15. Because GLELS did not originate the federal school loan at issue and was merely servicing the debt on behalf of another—for purposes of this case—GLELS was a "Third Party Collection Agency" as defined by the Consumer Reporting Resource Guide ("CRRG").

16. The CRRG is published by the Consumer Data Industry Association (CDIA), which is "the voice of the consumer reporting industry, representing consumer reporting agencies including the nationwide credit bureaus, regional and specialized credit bureaus, background check companies, and others." https://www.cdiaonline.org/about/about-cdia/ (visited February 24, 2020).

17. Equifax and Trans Union are members of the CDIA.

18. The CRRG expressly provides that Third Party Collection Agencies—like GLELS under the facts of this case—are required to delete accounts that have been canceled and returned to the original creditor.

19. GLELS closed the subject federal school loan and transferred it back to the US Government.

20. GLELS did not delete the federal school loan tradeline upon transfer as required by the CRRG.

21. Further, under 20 U.S.C. § 1078-6 (a) (1) (C), GLELS—upon assignment, sale, or transfer of Plaintiff's loans—should have requested that Equifax and Trans Union "remove the record of the default from [Plaintiff's] credit history."

22. The subject federal school loan records of default were not removed from Plaintiff's Equifax or Trans Union credit report.

23. Immediately upon discovering the derogatory federal school loan tradeline referenced above, Plaintiff filed a dispute with Equifax and Trans Union regarding the inaccuracy of those federal school loan tradelines.

24. Plaintiff's dispute for each of the federal school loan tradeline to Equifax and Trans Union stated that he his currently not past due on the transferred account.

25. Upon information and belief, Equifax and Trans Union—pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A)—notified GLELS of the disputes at or within 5 days of Equifax's and Trans Union's receiving notice of the dispute from Plaintiff.

26. But Equifax and Trans Union improperly verified the federal school loan reporting on Plaintiff's Equifax and Trans Union credit reports as accurate.

27. Despite Plaintiff's lawful request for removal or amendment of the disputed items

pursuant to the FCRA, Equifax and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

28. Upon information and belief Equifax nor Trans Union evaluated or considered any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Equifax's and Trans Union's receipt of Plaintiff's disputes.

29. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's federal school loan accounts. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

30. Plaintiff has suffered damages proximately caused by the conduct of Equifax and Trans Union, including:

    i. Emotional distress, humiliation, guilt, stress, anxiety, sleepless nights, and loss of focus and production at work;

    ii. Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate school loan reporting;

    iii. Believing that the inaccurate school loan reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on his ability to obtain credit for years to come;

    iv. Adverse information on his credit reports and a negative impact to his credit rating;

    v. An inability to improve his credit score during the dispute process;

    vi. A lower credit score; and

    vii. Having to hire attorneys to combat the improper credit reporting.

## COUNT I
### Equifax - FCRA—Failure to assure accuracy

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Pursuant to 15 U.S.C. § 1681e(b) whenever Equifax prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

33. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's federal school loan tradeline referenced above, in violation of 15 U.S.C. § 1681e(b).

34. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

35. Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in his favor and against Equifax;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;
    d. Punitive damages;
    e. Reasonable attorney's fees and the costs of this litigation;
    f. Pre-judgment and post-judgment interest at the legal rate;
    g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
    h. Such other relief as the Court deems equitable, just, and proper.

## COUNT II

### Equifax - FCRA—Failure to reasonably reinvestigate

36. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Equifax credit report, Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

38. Pursuant to 15 U.S.C. § 1681i(a)(4) Equifax must "review and consider all relevant information submitted by the consumer" when Equifax conducts any reinvestigation.

39. Equifax failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned federal school loan tradeline after receiving actual notice of the inaccuracies.

40. Equifax failed to delete/update inaccurate information after actual notice of inaccuracies.

41. Equifax failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about Plaintiff's above-mentioned federal school loan tradeline.

42. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

43. Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in his favor and against Equifax;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;

    d.    Punitive damages;
    e.    Reasonable attorney's fees and the costs of this litigation;
    f.    Pre-judgment and post-judgment interest at the legal rate;
    g.    Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
    h.    Such other relief as the Court deems equitable, just, and proper.

## COUNT III

**Trans Union - FCRA—Failure to assure accuracy**

44. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

45. Pursuant to 15 U.S.C. § 1681e(b) whenever Trans Union prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

46. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's above-mentioned federal school loan tradeline, in violation of 15 U.S.C. § 1681e(b).

47. Trans Union's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

48. Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a.    Enter judgment in his favor and against Trans Union;
    b.    Appropriate statutory penalties for each violation of the FCRA;
    c.    Actual damages;
    d.    Punitive damages;
    e.    Reasonable attorney's fees and the costs of this litigation;
    f.    Pre-judgment and post-judgment interest at the legal rate;
    g.    Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
    h.    Such other relief as the Court deems equitable, just, and proper.

## COUNT IV

### Trans Union - FCRA—Failure to reasonably reinvestigate

49. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

50. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Trans Union credit report, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

51. Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

52. Trans Union failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned federal school loan tradeline after receiving actual notice of the inaccuracies.

53. Trans Union failed to delete/update inaccurate information after actual notice of inaccuracies.

54. Trans Union failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about the above-mentioned federal school loan tradeline.

55. Trans Union's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

56. Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in his favor and against Trans Union;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: February 24, 2020

Respectfully submitted,

Delmar D. Harrell, plaintiff,

By:   /s/James M. Smith

James M. Smith (6285183) – Generally admitted to practice in the Northern District of Indiana
Doherty Smith, LLC
105 W. Madison Street
Suite 1500
Chicago, IL 60602
Phone: 866.825.6787
Fax: 312.319.4084
JSmith@dohertysmith.com

## **VERIFICATION**

Plaintiff Delmar D. Harrell declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Lake County, Indiana.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Indiana that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: _2/25/2020_____

*Delmar Harrell Sr.*
_____
/s/ Delmar D. Harrell, Plaintiff

## E-Signature Details

Signed by:      Delmar Harrell
Sent to email:  harrelldel@yahoo.com
IP Address:     107.77.209.32
Signed at:      Feb 25 2020, 9:42 am EST